**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2007 OCT 25  P 12: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| **MICHAEL D. VISBECK, on behalf of himself and all others similarly situated,** ) ) ) | |
| **Plaintiff** ) ) | |
| v. ) ) | Civil Action No. |
| **WELLS FARGO BANK, N.A.** ) **d/b/a Wells Fargo Home Mortgage,** ) ) | |
| **Defendant** ) | |

### COMPLAINT AND REQUEST FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

One of the fundamental protections afforded by the FDCPA is providing notice to consumers of certain rights to dispute alleged debts. Here, defendant sent an initial collection letter to plaintiff which misstated the clear language of 15 U.S.C. §1692g(a) by requiring that a dispute be in writing to avoid having it assumed as valid by the defendant. Plaintiff seeks statutory damages on behalf of himself and a class of

Massachusetts consumers subjected to the same unlawful conduct, plus costs and reasonable attorney's fees.

### Parties

1. Plaintiff Michael D. Visbeck is an individual who at all relevant times resided in Dracut, Middlesex County, Massachusetts.

2. Defendant Wells Fargo Bank, N.A. is a banking institution which at all relevant times conducted business within the Commonwealth of Massachusetts under the name Wells Fargo Home Mortgage, maintaining a principal place of business in San Francisco, California.

### Jurisdiction and Venue

3. Plaintiffs' claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### Statement of Facts

6. On or before February 16, 2007, defendant began servicing a mortgage loan owed by plaintiff to Washington Mutual Bank. At the time defendant took over the servicing of said loan, plaintiff had defaulted according to the terms of the note.

7. Plaintiff received a letter from defendant dated February 24, 2007, in connection with said mortgage loan which purported to convey the notices required by section 1692g(a) of the FDCPA. The following language is contained in this letter:

> We will assume that this debt is valid unless you dispute
> the debt in writing within 30 days of receipt of this letter.

7. On February 24, 2007, defendant was a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

## COUNT I

8. The allegations of paragraphs 1 – 7 are incorporated herein as if fully set forth.

9. By requiring that plaintiff dispute the debt in writing in order to avoid having it considered valid by defendant, defendant's letter violated 15 U.S.C. §1692g(a).

### Class Allegations

10. Plaintiff brings count I of this complaint on behalf of himself and a class of persons similarly situated. The class is comprised of all Massachusetts residents to whom defendant sent, within one year immediately preceding the filing of this action, a validation notice in connection with a mortgage loan obtained primarily for personal, household, or family purposes that was obtained for servicing after default (as defined in the note), which contained the unlawful language described above and was not returned as undeliverable. Excluded from the class are all current and former officers, directors, employees, agents, and attorneys of defendant.

11. There are issues of fact and law common to all class members, which issues predominate over any individual issues which may exist. The primary and overriding common question is whether the challenged practice is unlawful as alleged.

12. Plaintiff's claim is typical as those of class members in that it arises from the same standard collection letter and same unlawful conduct.

13. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff

nor counsel have any conflicts which would interfere with the successful prosecution of this case.

14. A class action is manageable, and is also a superior method for resolving this controversy since the claims of nearly all class members are unlikely to be filed as individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify the above-described class pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) award plaintiff and class members statutory damages;

(iv) award plaintiff and class members costs and reasonable attorney's fees;

(i) award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

MICHAEL D. VISBECK
By his attorney:

_____
Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
kquat@quatlaw.com